IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 2920 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Walter Willis has filed a pro se complaint and seeks leave to file in forma pauperis ("IFP"). Plaintiff has also filed a motion for appointment of counsel. For the following reasons, the court dismisses the action and denies as moot plaintiff's request to file IFP and motion for appointment of counsel.

Although the court liberally construes plaintiff's pro se complaint, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), the court is directed to dismiss a suit brought IFP at any time if the court determines that the lawsuit is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the federal government's sovereign immunity from suit for torts committed by federal employees. Before filing an FTCA suit, a plaintiff must present his claim to the federal agency out of whose activities the claim arose, 28 U.S.C. § 2675, within two years after the claim accrues, 28 U.S.C. § 2401.[1] If, within six months after receiving a claim, the agency mails a denial to the claimant,

---

[1] A claim accrues under the FTCA when "the plaintiff has discovered both his injury and its cause." United States v. Kubrick, 444 U.S. 111, 120 (1979).

the claimant has six months to file suit in federal district court. 28 U.S.C. §§ 2401, 2675. If the agency fails to act within six months after receiving the claim, the claimant may treat the agency's silence as a final denial and proceed to federal district court. McNeil v. United States, 964 F.2d 647, 648 (7th Cir. 1992) ("'An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" or six months have passed without decision.'), quoting 28 U.S.C. § 2675(a).

Plaintiff filed an administrative tort claim with the Department of Veterans Affairs ("VA") on August 20, 2009. The VA denied his claim on March 15, 2011, in a letter informing plaintiff that he could contest the denial either by requesting administrative reconsideration or by filing a lawsuit in federal district court. Rather than exercising either of those options, on March 25, 2011, plaintiff filed a second administrative tort claim with the VA, complaining about the VA's failure to respond within six months of the claim he had filed on August 20, 2009. On April 25, 2011, the VA rejected this second claim, explaining that "our inability to render a decision within six months did not create a new remedy for you under the Federal Tort Claims Act," but reminding plaintiff that he still had the right to file a complaint in federal district court regarding the subject of his first administrative tort claim.

Instead, plaintiff filed the instant case, alleging that the VA—at which, although the caption names the United States as defendant, plaintiff's claims are clearly directed—violated his rights under "Civil Rights 1964," 42 U.S.C. § 1983, 42 U.S.C. § 1986, and the Fourteenth Amendment by failing to respond to his first administrative tort claim within six months. Plaintiff's complaint, however, does not state a Fourteenth Amendment violation, or a

2

cognizable action under any of his cited statutory authorities.  Because "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim," 28 U.S.C. § 2675(a), plaintiff could have, after waiting six months and hearing nothing from the VA, proceeded to file suit.  The VA could not have deprived plaintiff of any rights by failing to mail him a denial within six months.  Plaintiff was clearly permitted to construe that very inaction as a final denial, thus freeing him to file his federal suit at any time.

The court notes, however, that by mailing a final denial of plaintiff's first administrative tort claim, the FTCA triggered the FTCA's limitations period.  From that date—March 15, 2011—plaintiff has six months to file a claim in federal district court regarding the underlying subject matter of that claim.  E.g., Ellison v. United States, 531 F.3d 359, 363 (6th Cir. 2008) ("[F]ederal tort claimants may initiate suit in federal court at any point after six-month agency inaction with the proviso that they must file within six months of agency denial."); Pascale v. United States, 998 F.2d 186, 189 (3d Cir. 1993) ("[T]he agency can start the section 2401(b) clock running at any time by mailing a final denial of the claim."); Arigo v. United States, 980 F.2d 1159, 1161 (8th Cir. 1992) (noting that after the six-month response period has lapsed "the agency can still consider the claim and trigger § 2401(b)'s six-month limitations period by denying the claim").

For the foregoing reasons, this action is dismissed without prejudice to plaintiff's right to timely file an action contesting the VA's denial of his first administrative claim.  Plaintiff's request to proceed IFP and motion for appointment of counsel are denied as moot.

**ENTER:** May 10, 2011

_____
**Robert W. Gettleman
United States District Judge**